Rose **LOUGHREY**

v.

George **LANDON** et al.

**Civ. A. No. 74-761.**

United States District Court,
E. D. Pennsylvania.

Sept. 20, 1974.

Garland D. Cherry, Media, Pa., for plaintiff.

Peter Hearn, Philadelphia, Pa., for defendants.

### MEMORANDUM

GORBEY, District Judge.

Defendants have filed two motions. The first is to dismiss the complaint pursuant to Federal Rules of Civil Procedure, R. 12(b), and the second is to strike the averments of paragraphs 7, 8, 9 and 10 of the complaint pursuant to Federal Rules of Civil Procedure, R. 12 (f). In response to these motions, plaintiff filed an amended complaint. As a result of this amended complaint, defendants have withdrawn their objections as to jurisdiction and service apparently conceding that jurisdiction is founded upon diversity of citizenship and that proper service has now been effected. As to the amended complaint, defendants have reasserted their motion to dismiss on the issue of statute of limitations and their motion to strike the

paragraphs now numbered 6, 7, 8 and 9 in the amended complaint.

## STATUTE OF LIMITATIONS

■ Defendants assert that plaintiff is essentially claiming that the defendants conspired to injure plaintiff in her business or profession, and that such an action would be barred by a one year statute of limitations citing Auld v. Mobay Chemical Co., 300 F.Supp. 138 (W.D. Pa.1969).

Plaintiff alleges that she began employment with Continental Can in October of 1939, and that in 1957 she was assigned to the pricing group of Continental Can. During the period between 1961 and 1973, the plaintiff alleges that she was forced, compelled and required by her supervisory personnel, which included the defendants herein, to participate in an unlawful pricing of Continental Can paper bag products in participation with Continental Can competitors. Plaintiff further alleges that in or about 1969, she attempted to formulate a special pricing list within Continental Can, which new pricing would eliminate the need for further unlawful meetings with Continental Can competitors. Despite plaintiff's request, her supervisor, defendant Harris Weaver, with the knowledge, consent, approval and participation of the defendants, Landon and Shorkey, attempted to and succeeded in undermining and displacing plaintiff in her pricing function. Plaintiff further alleges that the defendants' activity as above-mentioned resulted in her termination of employment with Continental Can; loss of promotion opportunities in the field of pricing, the humiliation; embarrassment; and loss of pension and insurance benefits.

The AULD case holds that an action for conspiracy to defame one in his business or profession is barred by the statute of limitations governing slander and libel, i. e., one year, contained in 12 P.S. § 32. Plaintiff has urged us to follow the holding in Smith v. Morris, 40 Pa.D. & C. 237. This case held that an action for conspiracy to injure plaintiff in his business or occupation carries a six year statute of limitations. We agree with the defendants' position that the better rule is stated in Auld v. Mobay Chemical Co., supra, and that the applicable statute of limitations for conspiracy to injure one in his business or profession is one year. Therefore to the extent that plaintiff's complaint alleges such a cause of action, it will be barred by the one year statute of limitations.

■■ Plaintiff argues that even if we are to apply the one year statute of limitations to any claims, that the statute begins to run from each overt act of the conspiracy for which there is injury. We agree. See Auld v. Mobay Chemical Co., supra. In the case at bar, plaintiff alleges in paragraph 17 of the complaint that the effective date of her termination from employment was July 1, 1973. Since the complaint in this case was filed in May, of 1974, that even applying the one year statute of limitations her claim would not be barred. Thus it appears from the complaint that plaintiff has alleged an injury for which she can maintain an action for conspiracy to injure one in his business or profession. Plaintiff's claim for injury for such a cause of action will be limited to one year from the filing of this action.

■ However, plaintiff's primary argument is that the complaint is in essence alleging interference and conspiracy to interfere with a contractual relationship. Such a tort is recognized in Pennsylvania. Caskie v. Philadelphia Rapid Transit Co., 334 Pa. 33, 5 A.2d 368 (1939); Klauder v. Cregar, 327 Pa. 1, 7, 192 A. 667, 670 (1937). This action is separate and distinct from that for slander or libel. See Birl v. Philadelphia Electric Co., 402 Pa. 297, 167 A.2d 472 (1960); See also 57 C.J.S. Master and Servant § 631. Such an action is an action for trespass and as such, is governed by the six year statute of limitations contained in 12 P.S. § 31. See also Cooper v. Fidelity-Phila. Trust Co., 201 F.Supp. 168 (E.D.Pa.1962).

Thus to the extent that plaintiff's complaint states a cause of action for interference with a contractual relationship, she will not be limited to the one year statute of limitations for slander and libel. McCully-Smith Associates, Inc. v. Armour & Co., 358 F.Supp. 331 (W.D. Pa.1973).

## MOTION TO STRIKE PARAGRAPHS 6, 7, 8 and 9 OF THE AMENDED COMPLAINT AS SCANDALOUS, IMPERTINENT AND IMMATERIAL

■ Paragraphs 6 through 9 of the amended complaint essentially charge that between the years 1961 and 1970, plaintiff was directed by her superiors to engage in illegal price fixing activities on the part of Continental Can Company.[1] Defendants assert that these paragraphs are irrelevant to the issues involved in the action and thus should be stricken from the complaint. Defendants point to the fact that during the times involved in paragraphs 6 through 9, none of the named defendants occupied a supervisory position over the plaintiff, Rose Loughrey, therefore, what occurred during that period has no relevance to the cause of action asserted by plaintiff against these defendants.

Defendants also urge that paragraphs 6 through 9 are scandalous in that they include "unnecessary matters or facts

[1]. Paragraph 6 of the amended complaint reads as follows:

"6. In 1961, the Plaintiff was directed by her superior, Beorge (sic) Buchanan, who was then the paper products Sales Manager, to go to New York City, New York and to conspire with two employees from a competitor company, Arkell and Smith, Inc., for the purpose of making a price list relating to self-opening style bags. Plaintiff advised her superior that the planned meeting and its objectives were illegal and that she not desire to engage in such unlawul activity. Buchanan then advised the Plaintiff that she would have to attend such meeting and prepare such price list if Plaintiff wanted to keep her job. Plaintiff, who then had 22 years of service with the Continental Can Company, Flexible Packing Division, Paoli, Chester County, Pennsylvania, submitted unwillingly to the duress and agreed to attent (sic) the meeting. Thereafter, Plaintiff spent three days, in 1961, with Dirk Harrison and Ralph Bailey, representatives of Arkell and Smith, Inc., at the offices of Arkell and Smith on Fifth Avenue in New York City, New York."

Paragraph 7 of the amended complaint reads as follows:

"7. As a result of the aforesaid, a price list was agreed upon and adopted by the following named companies: American Bag and Paper Company, Inc. (Philadelphia, Pa.); Bemis Bag Company, Inc. (Minneapolis, Minn.); Oneida Paper Company, Inc. (Clifton, New Jersey); St. Regis Paper Company, (Net (sic) York City, New York); Arkell and Smith, Inc.; and Continental Can Company, Inc."

Paragraph 8 of the amended complaint reads as follows:

"8. In 1962 the Plaintiff was directed by a superior, Fred S. Hinkel, who was then the Eastern Regional Sales Manger for Continental Can Company, to attend a meeting at the home of M. E. Pavitt, who was a General Sales Mamager (sic) of American Bag and Paper Company (Philadelphia, Pa.); and who resided in Elkins Park, Philadelphia, Pennsylvania, together with Robert Searle (an executive of Arkell and Smith); Rick Kiendel (General Sales Manager of Arkell and Smith); and Fred S. Hinkel himself. The purpose of said meeting was to discuss the possibility of increasing prices on heat-sealed paper bags made exclusively in the United States at that time, by the companies represented at said meeting. As a result of the meeting an increase was agreed upin (sic) and thereafter put into effect by said companies."

Paragraph 9 of the amended complaint reads as follows:

"9. Between the years 1962 and 1970, the Plaintiff was expected to and did, in numerous telephone conversations with competitors, unlawfully fix prices, unlawfully agree to maintain prices, and otherwise continued to engage in unlawful activity. Said competitors included the following companies: Chase Bag Company, Inc.; Bemis Bag Company, Inc.; Oneida Paper Company, Inc.; Harley Bag Company, Inc.; Custom Made Bags Company, Inc.; Bagcraft Company, Inc.; Crown Zellerback Company, Inc.; Dixie Wax Company, Inc.; Milprint Company, Inc.; American Bag and Paper Company, Inc.; Arkell and Smith Company, Inc.; and Continental Can Company, Inc.; St. Regis Paper Company, Inc.; and Bedford Bag Company, Inc."

criminatory of a party referred to in the pleadings".

"Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing on the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Even if the allegations are redundant or immaterial, they need not be stricken, if their presence in the pleading cannot prejudice the adverse party."

2A Moore's Federal Practice, § 1221 (2); See also Wright & Miller Federal Practice & Procedure Civil § 1382.

Under the circumstances of this case, it appears that paragraphs 6, 7 and 8 of the amended complaint[2] allege activities by persons other than the defendants occurring in the years 1961 and 1962. While plaintiff argues vigorously contra, we fail to see the relevance of these allegations to the cause of action claimed by plaintiff. They refer to persons other than the defendants and to activities for which any cause of action has long since been barred by the statute of limitations. Their presence may lead to unwarranted prejudicial inferences against the defendants. Accordingly, paragraphs 6, 7 and 8 will be stricken from the complaint.

■ However, paragraph 9 alleges that the plaintiff was required to engage in certain illegal activities between the years 1962 and 1970. From the stage of the record at this point we cannot say that such an allegation has no relevance to plaintiff's cause of action or that it may not give rise to an issue in the case.[3] This is especially so since plaintiff has alleged that the defendants engaged in a conspiracy to interfere with her contractual relationship, and, the facts alleged in paragraph 9 of the amended complaint may be relevant to proving such conspiracy and the reasons for which the defendants might have engaged in the actions which plaintiff claims give rise to a cause of action. Therefore, paragraph 9 of the amended complaint will not be stricken.

---

2. See footnote 1, *supra*.

3. All of the defendants, in their affidavits, admit that they exercised supervising power over plaintiff for some time prior to 1970.