601 A.2d 330

Samuel L. EVANS, Individually and as President and National Chairman of AFNA National Education and Research Fund and the AFNA National Education and Research Fund, Appellants,

v.

PHILADELPHIA NEWSPAPERS, INC. a/k/a Philadelphia Daily News and Toni Locy and Jay Harris and Zachary Stalberg and Tyree Johnson, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 23, 1991.

Filed Dec. 31, 1991.

Roland J. Atkins, Philadelphia, for appellants.

H. Geoffrey Moulton, Jr., Philadelphia, for appellees.

Before DEL SOLE, BECK and HUDOCK, JJ.

HUDOCK, Judge:

Samuel Evans and the AFNA National Education and Research Fund, (Appellants), appeal from the order granting summary judgment in favor of Appellees. We affirm.

The facts of the case can be summarized as follows: On October 2, 1987, Appellants commenced suit against Appellees claiming tortious interference with a contract, defamation, and conspiracy. Specifically, it was alleged in Appellants' second amended complaint that the Appellees conspired to discredit and destroy Appellants. Appellants alleged that Philadelphia Newspaper Inc., and, in particular, the Philadelphia Daily News, (Daily News), set upon a campaign of unfair and prejudicial news reporting of the African–American community, both in Philadelphia and world-wide, in order to maintain "the status quo" with respect to minority achievements and advancement. In furtherance of this campaign, Appellants alleged the Daily News sought out and hired as a reporter Appellee Johnson, who had allegedly lost his job at Channel 3 in Philadelphia after Appellant Evans and others complained of prejudicial and unfair reporting practices of the KYW TV I–Team of which Appellee Johnson was a member.

On September 23, 1986, the Daily News published an article entitled "Records of AFNA Youth Training Contract Subpoenaed" which included a photograph of Appellant

Evans. The article was authored by Appellee Locy, a Daily News staff writer. The article reported that a federal grand jury had subpoenaed records from the non-profit Private Industry Council regarding a contract it had with "a youth training program headed by civic leader Samuel Evans." (The article later identified the program as AFNA.) The article further stated that these records were removed by the FBI. Subsequently, it was discovered that the statements concerning a grand jury subpoena and the removal of the records were incorrect, and a "correction" to that effect was published by the Daily News on September 26, 1986, without request from Appellants.

Appellants alleged that the article was published either with knowledge or reckless disregard of the falsity and that the prejudicial effect was further aggravated when Appellee Johnson allegedly repeated the false statements orally to students, parents and sponsors of the program with the purpose of discouraging their future participation in AFNA. According to Appellants, the Appellees' purpose was fulfilled and enrollment and funding of AFNA dropped, causing considerable financial burden to Appellants. (*See* Trial Court Opinion at pp. 2–3.)

On November 8, 1990, Appellees filed a motion for summary judgment. Appellants filed their response on December 10, 1990, and the trial court granted the motion in an Order dated February 11, 1991. This appeal followed.

Summary judgment may be granted if:

"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." ... The moving party has the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. In deciding whether the moving party has met this burden, the court must examine the record in the light most favorable to the non-moving party.... The court's responsibility is to determine whether a genu-

ine issue of material fact exists; the court may not resolve such an issue. Moreover, the court should not enter summary judgment unless the case is free from doubt. [Citations omitted.]

*Weiss v. Keystone Mack Sales, Inc.*, 310 Pa.Super. 425, 427, 456 A.2d 1009, 1011 (1983); Pa.R.C.P. 1035, 42 Pa.C.S. (Purdon 1987). Keeping in mind the above principles, we find this was a proper case for summary judgment.

On appeal, Appellants raise the following issues: 1) whether there exists material issues of fact with regard to the cause of action in tortious interference with contract; 2) whether there exists material issues of fact with regard to the cause of action in conspiracy; 3) whether there exists material issues of fact with regard to the cause of action in defamation; and 4) whether the statute of limitations for each cause of action should be applied to the respective cause of action.

Our resolution of the statute of limitations issue adversely to Appellants makes discussion of the other issues unnecessary.

Appellants claim that material issues of fact were present and that their action was not time barred, thus rendering a grant of summary judgment improper. Appellees had argued in their motion for summary judgment, and argue on appeal, that Appellants have not adequately pled their tortious interference claim. Furthermore, since the tortious interference claim was duplicative of the defamation claim, it was barred by the one year statute of limitations applicable to defamation claims. The trial court found that, while Appellants had adequately pled a tortious interference claim, the cause of action was nevertheless barred by the statute of limitations since the complaint refers specifically to only one allegedly defamatory statement (the Daily News article of September 23, 1986) and suit was not filed until October 2, 1987. We agree.

At issue is the proper statute of limitations to be applied to Appellants' tortious interference with contract claim. Specifically, we are asked to decide whether a tortious

interference claim, which is based upon identical allegations set forth in an accompanying defamation claim, should be considered duplicative and, as such, be barred by the one year statute of limitations applicable to defamation claims. This Court, in its research, has been unable to find any authority in this Commonwealth which addresses this precise issue.

Appellants rely on the case of *Loughrey v. Landon,* 381 F.Supp. 884, 886 (E.D.Pa.1974) for the proposition that the claims of defamation and tortious interference are separate claims, and, as such, have different applicable statutes of limitation.[1] Specifically, Appellants contend that their claim for tortious interference is subject to a two year limitation period, rather than the one year applicable to defamation claims.[2]

 We agree with the court in *Loughrey* that the tort of contractual interference is recognized in Pennsylvania

---

**1.** Appellants, in their brief, quote the following passage from *Loughrey v. Landon, supra,* to support their contention:

However, plaintiff's primary argument is that the complaint is in essence alleging interference and conspiracy to interfere with a contractual relationship. Such a tort is recognized in Pennsylvania. *Caskie v. Philadelphia Rapid Transit Co.,* 334 Pa. 33, 5 A.2d 368 (1939); *Klauder v. Cregar,* 327 Pa. 1, 7, 192 A. 667, 670 (1937). This action is separate and distinct from that for slander or libel. *See Birl v. Philadelphia Electric Co.,* 402 Pa. 297, 167 A.2d 472 (1960); *See also* 57 C.J.S. Master and Servant § 631. Such an action is an action for trespass and as such, is governed by the six year statute of limitations contained in 12 P.S. § 31. *See also Cooper v. Fidelity–Phila. Trust Co.,* 201 F.Supp. 168 (E.D.Pa.1962). Thus to the extent that plaintiff's complaint states a cause of action for interference with a contractual relationship, she will not be limited to the one year statute of limitations for slander and libel. *McCully–Smith Associates, Inc. v. Armour & Co.,* 358 F.Supp. 331 (W.D.Pa.1973). *Loughrey v. Landon, supra* at 886–887. (Appellants' brief at p. 29.)

**2.** Appellants rely on 42 Pa.C.S. § 5524(7) (Purdon Supp.1991) as the applicable section for this cause of action. Section 5524 provides, in relevant part: "The following actions and proceedings must be commenced within two years: ... (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter."

and that the action may be a separate and distinct action from that of libel or slander. In a situation such as this, however, where the underlying wrong which the complaint alleges is defamation by publication of a libelous report, and the claim of injury set out in each count springs from the act of publication, the Appellants should not be able to circumvent the statute of limitations by merely terming the claim tortious interference when in essence it is one of defamation, subject to a one year limitation of action. In such a situation, we will look to the gravamen of the action, not to the label applied to it by plaintiffs. Furthermore, we are not bound by the determination of the court in *Loughrey* and we do not consider it well-founded on that issue.

Rather, we find the trial court's thorough analysis and reasoning persuasive. Judge Hill, in his opinion, reasoned:

The basic difference between a cause of action for interference with a contractual relationship and a cause of action for defamation resulting in the loss of such a relationship is that the former action can be based on a variety of torts including defamation. Therefore, where the gravamen of an action for interference with a contractual relationship is based on the commission of a tort the statute of limitations for that tort must govern. Our legislature has given torts short or long statutes of limitations for certain policy reasons. In enacting a one year statute of limitation in 12 P.S. § 31, and then reenacting it in the Judicial Code in 1978, 42 Pa.C.S.A. § 5523(1), the legislature has clearly expressed a public policy that the statute of limitations for defamation should remain shorter than the limitation of action for other torts. While the legislature, in enacting the new Judicial Code, did change the statute of limitations for a number of other kinds of torts, it did not do so for defamation. It is therefore clear that a longstanding policy exists in Pennsylvania to allow defendants in defamation cases an opportunity to make a prompt investigation of claims made against them while the evidence is still fresh in the minds of prospective witnesses. This is

especially necessary for cases involving slander because the actual content of the statements could quickly fade from the minds of witnesses. Even where the case involves libel, it is still necessary to investigate the circumstances surrounding the making of the statement and it is crucial that it is done promptly.

The reason behind the public policy requiring a one year statute of limitations for defamation exists whether the cause of action is for defamation or the gravamen of a cause of action for tortious interference with a contract relationship is defamation. Furthermore, in creating a cause of action for tortious interference with a contract, there is nothing to suggest that the courts intended that a claim which was basically one of defamation should be given a two year statute of limitations. (See *Bender v. McIlhatten*, 360 Pa.Super. 168, 520 A.2d 37 (1987), app. den. 515 Pa. 571, 527 A.2d 533, which applies 42 Pa.C.S.A. § 5524(7) two-year statute of limitations to a tortious interference claim). Accordingly, the one year statute of limitation for defamation cannot be circumvented by cloaking such a cause of action in other legal raiment. This view is shared by the Pennsylvania federal district courts and the Common Pleas Court for Adams County. See *Lougherty [sic] v. Landon*, 381 F.Supp. 884 (E.D.Pa. 1974) [cited for a different proposition then the one refuted above]; *Auld v. Mobay Chemical Company*, 300 F.Supp. 138 (E.D. [W.D.] Pa.1969); *Brownley v. Gettysburg College*, 68 Pa.D. & C. 2d 288 (Adams County, 1973). (Trial Court Opinion at pp. 12–14).

There is also persuasive authority elsewhere to support our decision. In *Gulf Atlantic Life Insurance Company v. Hurlbut*, 696 S.W.2d 83, 100 (Tex.Ct.App.1985), *revers'd* on other grounds, 749 S.W.2d 762, 766 (1987), the one year statute of limitations applicable to defamation claims barred recovery where plaintiffs' claim of tortious interference was based on the same allegedly false and disparaging statements outlined in the defamation claim, and the damages sought resulted from injury to plaintiffs' reputation. The

court reasoned that, without such a rule, any plaintiff having a claim for defamation concerning his business practices would be able to avoid the one year statute of limitations by simply designating the defamatory statement either disparagement or tortious interference, which have longer limitation periods. *See also, Wild v. Rarig,* 302 Minn. 419, 447, 234 N.W.2d 775, 793 (1975), *cert. denied,* 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976) (while wrongful interference with a business relationship is a general property tort which falls within the six year statute of limitations, where the means of interference alleged is defamation the shorter defamation period must apply); *Moore & Associates v. Metropolitan Life Insurance Company,* 604 S.W.2d 487, 491 (Tex.Ct.App.1980) (where the plaintiffs' claims for tortious interference with the doctor-patient relationship were based on the alleged false and defamatory character of the communication complained of, they were held to be indistinguishable from the claims for libel and, as such, were barred by the one year statute of limitations applicable to libel); *Ramsay v. Mary Imogene Bassett Hospital,* 495 N.Y.S.2d 282, 284, 113 A.D.2d 149 (1986), *appeal dismissed* 67 N.Y.2d 608, 502 N.Y.S.2d 1026, 494 N.E.2d 113 (where the real ground for complaint is defamation, plaintiff cannot evade the statute of limitations by calling the action a *prima facie* tort, interference with contract or interference with a prospective advantage); *Dubourcq v. Brouwer,* 124 N.Y.S.2d 61, 62 (Sup.Ct.1953), *aff'd,* 131 N.Y.S.2d 300 (1954) ("person possessing a cause of action in libel or slander may not avoid the statute of limitations applicable to such a cause of action by the devise of claiming that the cause of action is an action on the case to which a longer statute of limitations is applicable"); *Lucci v. Engel,* 73 N.Y.S.2d 78, 79 (Sup.Ct.1947) (the court refused to permit the plaintiff to escape the statute of limitations applicable to libel actions by simply terming his action one on the case instead of one for libel); *Lashlee v. Sumner,* 570 F.2d 107, 109 (6th Cir.1978) (shorter defamation statute of limitations applied to a tortious interference with contract claim because the underlying wrong

which the complaint alleged was defamation by publication of a libelous report and the gist of the entire action was the libel).

We conclude that since Appellants' claim for tortious interference is based upon the alleged false and defamatory character of the communication complained of, and it is indistinguishable from the claims of libel and slander, the same one year limitation period should apply to both.

The Order of the trial court granting summary judgment is affirmed.