## Faulls v. Procter & Gamble Paper Products Company

*Peter G. Loftus,* for plaintiff.
*John J. Myers,* for defendants.

VANSTON, *P.J.,* January 15, 1993—The defendants have filed a motion for summary judgment in the above matter. As to the corporate defendant, the plaintiff has filed a complaint alleging wrongful discharge of his employment, breach of an implied contract of employment, and civil conspiracy. As to the individual defendants, the complaint alleges counts for intentional interference with a contractual relationship, defamation, invasion of privacy, and civil conspiracy. After being twice removed to the United States District Court for the Middle District of Pennsylvania, and twice remanded, the pleadings are now complete.

The plaintiff was employed by Procter & Gamble as a technician at its Mehoopany plant. The plant is a large,

paper-making operation which employs more than 3,000 people. In September 1989, several of the plaintiff's co-workers accused him of stealing company equipment. As a result, he was terminated from that employment on September 29, 1989. He commenced this action by filing a writ of summons in this court on November 14, 1989, naming Procter & Gamble as the only defendant.

Twelve months later, the plaintiff filed a complaint in this matter, adding four individual defendants, whom he asserted to be the co-workers who had made the theft allegations against him, but whose identity he did not know. He styled them as "John Doe I" through "IV." In August 1991, he filed an amended complaint which substituted the three named individual defendants for the four "John Does." These three individuals, however, were not served with the amended complaint until May 21, 1992.

Addressing first the motion for summary judgment filed by Procter & Gamble, the company maintains that it is entitled to judgment as a matter of law, as the plaintiff was an "employee at will." With this conclusion, the court is constrained to agree, as the plaintiff has acknowledged, in his deposition, that he had no written contract with the company, could leave his employment, or be terminated by his employer at any time. (Depos. pp. 38-39.) One cannot conceive of a more concise definition of an "employee at will." Further, this court has previously held in litigation involving this very issue and these same counsel that Procter & Gamble paper plant employees are employed "at will." *Davenport v. Procter & Gamble,* 89 CV 879, affirmed by Superior Court of Pennsylvania at no. 00882 Philadelphia 1992 (Oct. 22, 1992).

An "at will" employee may be terminated for good reason, bad reason, or no reason at all, unless such termination violates a significant and recognized public policy. *Yetter v. Ward Trucking Corp.,* 401 Pa. Super. 467, 585 A.2d 1022 (1991). Plaintiff contends that his discharge violated public policy because the employer had a specific intent to cause him harm. Although this court cannot find any indication of any fact, in either the pleadings or the extensive deposition of the plaintiff, from which one could reasonably argue (much less, conclude) that the employer acted with a specific intent to harm the plaintiff, such a consideration is not necessary. This issue was dealt with by the Superior Court in *Rutherfoord v. Presbyterian-University Hospital,* 417 Pa. Super. 316, 612 A.2d 500 (1992), and, as a result, one can easily conclude that the instant plaintiff's allegations do not rise to the level of "significant and recognized public policy." Accordingly, Procter & Gamble is entitled to judgment as to Count I.

Count II alleges a breach of an implied contract of employment. Plaintiff contends that the defendant's personnel policy, called the "Mehoopany Blue Book," constitutes the terms of such a contract. Nothing in the Blue Book, however, says that an employee can be terminated only for just cause. To the contrary, the policy provides for immediate discharge for misconduct, including theft. The Blue Book, however, does not constitute an implied contract. To do so, the policy must contain provisions which unequivocally establish that the employer intended to be bound by it and renounces the principle of at-will employment. *Morosetti v. Louisiana Land and Exploration Co.,* 522 Pa. 492, 564 A.2d 151 (1989). This court has already ruled on this precise question, as well, in *Davenport v. Procter & Gamble, supra.* Therefore, the

defendant is also entitled to judgment as a matter of law as to Count II.

The third count of the complaint seeks recovery for an asserted conspiracy between the company and the three employees who made the theft charges against Mr. Faulls. In order to establish a civil conspiracy, it must be shown that two or more persons agreed to do an otherwise unlawful act by unlawful means; that there be proof of malice, or intent to harm; and that there be no just cause, excuse, or legal justification. See *Shaffer v. Procter & Gamble,* 412 Pa. Super. 630, 604 A.2d 289 (1992), affirming the judgment of this court in a matter in which the same counsel also appeared as in the instant matter. Here, the three individuals are said to have conspired with each other and with the company (how one can conspire with a corporation has not been explained to this writer) to bring about the termination of Faulls' employment. Assuming, for the moment, that such agreement can be proven, its purported objective, although unpleasant for Mr. Faulls, is not unlawful. No unlawful or criminal act has been asserted. Further, the corporate defendant having a written policy requiring the reporting of thefts of company property, it can hardly be said that the company acted with malice in this case, or that it does not have some justification for its actions. Consequently, Count III must also fail.

Next to be addressed is the complaint against the three individual defendants, which, they contend, is barred by the statute of limitations. Although the complaint contains four separate counts (intentional interference with a contractual relationship, defamation, conspiracy, and invasion of privacy), the gravamen of the complaint is that the three men defamed the plaintiff when they accused him of stealing company property.

Thus, the applicable statute of limitation for all counts is one year. *Evans v. Philadelphia Newspapers, Inc.,* 411 Pa. Super. 244, 601 A.2d 330 (1991). See 42 Pa.C.S. §5523(1).

The alleged defamatory statements were made sometime near the end of September 1989. The plaintiff states in his deposition that shortly after his discharge on September 29, 1989, he learned that several, perhaps four, individuals were the sources of the information on which his termination was based. He did not know their identities at that time.

Although he knew of the existence of these individuals in October 1989, when he commenced this action, it was only against Procter & Gamble. It was not until November 7, 1990 that he filed a complaint against the company and four "John Does." It should also be noted that the complaint was filed only after a motion for non pros by Procter & Gamble and an order of this court dated January 31, 1990, directing the filing of a complaint.

As previously noted, the three individuals were not named as defendants until August 12, 1991 and were not served with the complaints until May 21, 1992. It is apparent, however, that the one year period of limitation had already expired as of November 7, 1990, when the "John Does" were sued.

The plaintiff relies on the "discovery rule" to extend the statute of limitation. He says he knew of the existence of several people who had made statements about him as of October 1989, but did not learn their identities until 1991 following certain disclosures made by Procter & Gamble during removal proceedings in United States District Court.

The Superior Court of Pennsylvania has recently addressed the question of the "discovery rule" in a case which is quite similar to the instant matter: *Gallucci v. Phillips & Jacobs, Inc.,* 418 Pa. Super. 306, 614 A.2d 284 (1992). Gallucci had filed a civil action against his former employer, including a count in defamation. The defendant interposed a defense based on the statute of limitations. The plaintiff replied that he did not discover the precise nature of the asserted defamatory remarks so as to be able to file a complaint within the prescribed period. He did concede, however, that he was aware of the general nature of such statements at the time of his discharge from employment. Judge Olszewski's opinion thoroughly analyzes the problem here posed:

"It is well established that an individual asserting a cause of action is required to use due diligence to properly inform himself or herself of the facts and circumstances upon which the claimed right of recovery is based and to institute suit within the applicable statute of limitations. (citations omitted) [M]ere mistake, misunderstanding or lack of knowledge do not toll the running of the statute of limitations. Although we shall surely do equity whenever possible, ... we may not act in derogation of the express limitations enacted by our legislature. (citations omitted) The discovery rule is an exception to these general rules. Under the discovery rule '... the statute of limitations does not begin to run until the plaintiff has discovered his injury, or, in the exercise of reasonable diligence, should have discovered his injury.' (citations omitted) The discovery rule arises out of an ... '*inability* of the injured, *despite the exercise of due diligence,* to know of the injury or its cause.' (citation omitted) (emphasis in original) ... The relevant inquiry is not whether a plaintiff

has sufficient information to prepare a complaint, but whether plaintiff knew of the injury and the cause thereof." *Id.* at 312-313, 614 A.2d 287-288

The opinion goes on to state that the proper procedure to be followed is to file a writ of summons to commence the action and then obtain through discovery the information necessary to prepare the complaint. While one may question the propriety of filing a "John Doe" complaint or writ, such propriety must be assumed for the purpose of ruling on the motion for summary judgment.

Here, the plaintiff knew of the nature of his injury and the cause thereof in October 1989. For the sake of argument, let it be assumed that the information came to him on the last day of that month, October 31. All he did not know at that time was which of his fellow employees had made statements about him to the company. Again, assuming the propriety of a "John Doe" writ, all plaintiff had to do was commence an action against the unnamed individuals on or before October 31, 1990. This he did not do, as the first "John Doe" pleading was not made until November 7, 1990, which is beyond the last possible date on which the period of limitation could have expired.

Obviously, if one assumes that the statute of limitation cannot be tolled by the filing of a "John Doe" pleading, then plaintiff's action must certainly fail, as the individual defendants were not named until August 12, 1991, and not served until May 1992.

There being no genuine issue of material fact, the court concludes that plaintiff did not act with due diligence to ascertain the identity of the individual defendants within one year from the date of the asserted injury to him. As a result, his causes of action against them are barred by the statute of limitation.

## ORDER

And now, January 15, 1993, for the reasons set forth in the opinion of the court of even date, it is ordered that the defendants' motion for summary judgment be and is hereby granted, and judgment is directed to be entered in favor of The Procter & Gamble Paper Products Company, Joseph R. McDermott, Carlton D. Ball, and William Yanic, and against William Earl Faulls.