**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1676
_____

JOHN MATTHEWS,
                                        Appellant

v.

WESTIN WASHINGTON DULLES AIRPORT;
STARWOOD HOTELS & RESORTS WORLDWIDE, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-01740)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2015

Before:  FUENTES, SHWARTZ and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se litigant John Matthews appeals the District Court's dismissal of his complaint alleging invasion of privacy, tortious interference with business and contract, intentional infliction of emotional distress (IIED), and defamation by Appellee Starwood. For the reasons set forth below, we will affirm the District Court's judgment.

Matthews, a travel agent, planned a "winter getaway tour" at the Westin Hotel in Herndon, Virginia, to take place in February 2012. The tour was ultimately attended by more guests than the number for which the hotel had planned. When the food ran out before everyone was served, the guests became disgruntled and Matthews had a heated exchange with the hotel staff. During this exchange, he claimed that the staff defamed him in front of his customers and thereby jeopardized his business. He also complained that he was forced to reimburse the guests who paid out-of-pocket for meals that were supposed to be included in the package but that the hotel would not provide.

On January 10, 2013, Matthews filed case #13-cv-00143 ("Complaint 143") in the Eastern District of Pennsylvania, naming both the Westin Washington Dulles Airport Hotel and Starwood Hotels Resorts Worldwide, Inc. as defendants. Despite explicit instructions from the District Court, and two opportunities to amend his complaint, Matthews did not properly plead the diversity necessary to sustain federal jurisdiction. As a result, the District Court dismissed Complaint #143, without prejudice to his re-filing in state court. Matthews appealed that dismissal. Two weeks later, Matthews filed a new complaint in the Eastern District of Pennsylvania, alleging the same violations by

2

the same parties (in case #13-cv-01740, or "Complaint 740"). This time, he properly pled diversity jurisdiction. He withdrew his appeal in Complaint 143 shortly thereafter.

Westin moved to stay the proceedings and compel arbitration, pursuant to the arbitration clause in their contract with Matthews and 9 U.S.C. § 3. The District Court granted that motion.[1] Apparently unaware that the District Court's order applied to Westin only, Starwood did not answer the complaint, and the Court entered a default judgment against it. But Starwood moved to strike that judgment, succeeded, and subsequently filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim. The District Court concluded that all of the claims were time-barred and dismissed the case. Matthews filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

The statute of limitations for most of the claims at bar — invasion of privacy, tortious interference with business and contract, and defamation — is one year from the date of the incident out of which they arose.[2] See 42 Pa. Con. Stat. Ann. § 5523(1) (invasion of privacy); In re Phila. Newspapers, LLC, 690 F.3d 161, 174 (3d Cir. 2012)

---

[1] Matthews has not contested the dismissal of Westin. We therefore do not consider the issue. See Gass v. Virgin Islands Tel. Corp., 311 F.3d 237, 246 (3d Cir. 2002); Fed. R. App. P. 28(a).

[2] The parties do not dispute the District Court's use of Pennsylvania law.

(defamation); <u>Evans v. Phila. Newspapers, Inc.</u>, 601 A.2d 330, 333-35 (Pa. Super. Ct. 1991) (tortious interference with business and contract, when based on alleged acts of defamation).   Here, the incident out of which these claims arose occurred in February 2012.  Matthews filed Complaint 740 on April 2, 2013, which is more than a year after February 2012 and therefore exceeds the statute of limitations.  Matthews did not contest this fact.  He argued instead that the complaint at bar should be characterized as an amendment relating back to Complaint 143, which he filed in January 2013, and that his claims are therefore timely.  This contention fails.

Complaint 143 and Complaint 740 are separate and distinct cases.  After two unsuccessful amendments, Complaint 143 was dismissed without prejudice as to potential re-filing in <u>state court</u>.  The order dismissing the complaint prohibited any further amendment to it in federal court.  Matthews withdrew his appeal of that order, which ended the litigation surrounding Complaint 143.  The fact that Matthews filed a <u>second</u> complaint in federal court, asserting the same claims against the same parties, did not resurrect it.  <u>See</u> <u>Neverson v. Bissonnette</u>, 261 F.3d 120, 126 (1st Cir. 2001) ("Rule 15(c) simply does not apply where . . . the party bringing suit did not seek to 'amend' or 'supplement' his original pleading, but, rather, opted to file an entirely new [action] at a subsequent date."); <u>see also</u> <u>O'Donnell v. Vencor, Inc.</u>, 465 F.3d 1063, 1066 (9th Cir. 2006); <u>Bailey v. N. Indiana Pub. Serv. Co.</u>, 910 F.2d 406, 413 (7th Cir. 1990).  It is thus clear that the defamation and tortious interference claims asserted here in Complaint 740, the case filed in April 2013, are barred by the statute of limitations.

4

With respect to Matthews's IIED claim, the District Court decided that the limitations period is also one year, a conclusion that Matthews did not contest. The District Court reached this conclusion by extending the reasoning of Evans, a case in which the Pennsylvania Superior Court held that a tortious interference claim based on alleged acts of defamation falls under the one-year limitations period assigned to defamation claims. The Evans Court reasoned that plaintiffs should not be permitted to circumvent the limitations period by strategically mislabeling what is, at its heart, a defamation claim. 601 A.2d at 332. It is true that the IIED claim here is based on alleged acts of defamation. See Complaint at Count 4 ("As a direct and proximate result of the Defendants' false and defamatory assertions, plaintiff has suffered emotionally living in fear [for] his safety."). But we need not decide today whether the District Court's extension of Evans was appropriate, because this IIED claim clearly fails on its merits. The comments and behavior that Matthews described cannot be characterized as outrageous or extreme enough to state an IIED claim under Pennsylvania law. See Andrews v. City of Philadelphia, 895 F.2d 1469, 1486-87 (3d Cir. 1990).

Matthews also appears to argue that the District Court erred in striking the default judgment against Starwood. This too fails. We review the grant of a motion to strike a default judgment for abuse of discretion — see Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 75-76 (3d Cir. 1987) — and we will not interfere with the District Court's exercise of that discretion absent a firm conviction that it committed a "clear error of judgment." In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 181 (3d Cir. 2000). As a general matter,

default judgments are disfavored.  See Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987).  We see no clear error in the District Court's decision to strike the default and to consider the case's merits.  Emcasco, 834 F.2d at 75-76.

Accordingly, we will affirm the judgment of the District Court.