468 A.2d 454

**Robert B. GRAHAM, Sr., Robert D. Culp, Appellants,**

**v.**

**TODAY'S SPIRIT and Fred Clement, Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1983.

Decided Dec. 8, 1983.

54

Robert D. Culp, I.P.P., Robert B. Graham, I.P.P., for appellants.

Thomas W. Murrell, Philadelphia, Elmer L. Menges, Ambler, for appellees.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

ZAPPALA, Justice.

This appeal presents an issue of first impression involving the interpretation of the "Uniform Single Publication Act", the Act of July 9, 1976, P.L. 586 No. 142 § 2, 42 Pa.C.S.A.

§ 8341 (the Act). Specifically, this Court must determine the interpretation of "single publication" under the Act. In its relevant part, the Act states:

\* \* \* \* \* \*

"(b) **General rule**—No person shall have more than one cause of action for damages for libel or slander, or invasion of privacy, or any other tort founded upon *any single publication*, or exhibition, or utterance, such as any one edition of a newspaper, or book, or magazine, or any one presentation to an audience, or any one broadcast over radio or television, or any one exhibition of a motion picture. Recovery in any action shall include all damages for any such tort suffered by the plaintiff in all jurisdictions." (Emphasis added)

■ The facts of this appeal may be summarized as follows [1]. On September 15, 1978, *Today's Post*, a Montgomery County newspaper, printed and circulated an article depicting the Appellants in an allegedly false and defamatory manner. On the same date, *Today's Spirit*, a Bucks County newspaper, also printed and circulated an article depicting the Appellants in an allegedly false and defamatory manner. Appellee Fred Clement, a reporter for both *Today's Post* and *Today's Spirit*, is the author of the subject articles. Although *Today's Post* and *Today's Spirit* are both published by the Montgomery Publishing Company, the newspapers apparently have separate circulation staffs, mastheads, and areas of circulation. It is unclear whether both newspapers have separate editorial staffs, but the newspapers have different items of news to report. Furthermore, *Today's Spirit* has a separate business address and bank account. Finally, although both *Today's Spirit* and *Today's Post* are printed by the Montgomery Publishing Company at the same place, different plates are used for each newspaper. The alleged defamatory articles

---

**1.** Because this appeal comes to us as the result of a granting of a demurrer, we must accept as true all well-pled facts set forth by the plaintiffs, giving them the benefit of all reasonable inferences adduced therefrom. *Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 465 A.2d 1231 (1983).

which appeared in *Today's Post* and *Today's Spirit* were identical except for a few modifications in the *Today's Spirit* article.

As the result of these two articles, the Appellants instituted complaints first in Montgomery County and then in Bucks County. The Appellees filed preliminary objections to the complaint filed in Bucks County, arguing that Section 8341 of the Act mandated that the Appellants were only entitled to one lawsuit. Since the Montgomery County lawsuit was filed first, the Appellees argued that the Bucks County lawsuit must be dismissed. The trial court agreed, holding that the articles were identical resulting in only one publication, granted the Appellees' demurrer, and dismissed the Bucks County complaint[2]. The Appellants filed an appeal of this decision to the Superior Court, 307 Pa.Super. 639, 452 A.2d 1107, which affirmed (Wickersham, Montemuro and Watkins, JJ.). Thereafter, we granted a petition for allowance of appeal.

The parties present diverse definitions of "single publication". The Appellees suggest that "single publication" occurs if identical articles are published notwithstanding that the articles appeared in seemingly different newspapers. Thus, the Appellees contend that there is but one publication since the news articles were identical, regardless of the fact that the articles appeared in separate newspapers. Conversely, the Appellants contend that the newspapers are separate and distinct, requiring that each article be designated as a separate, defamatory communication.

 In *Gaetano v. Sharon Herald Co.*, 426 Pa. 179, 183, 231 A.2d 753, 755 (1967), we indicated the purpose of a cause of action for defamation:

2. Subsequent to the trial court's dismissal of the complaint, the Appellants filed a petition for reconsideration, requesting that the trial court transfer the Bucks County complaint to Montgomery County to be consolidated with the latter lawsuit. This petition also was denied by the trial court and affirmed on appeal.

"The most important function of an action for defamation is to give the innocent and injured plaintiff a public vindication of his good name. Its primary purpose is to restore his unjustly tarnished reputation and 'reputation is the estimation in which one's character is held by his neighbors or associates.' Restatement, Torts § 577, comment b (1938)".

Under the common law, each time a defamatory remark was communicated, a separate cause of action arose. Prosser, Torts § 94 (2d Ed.1955). This principle is founded upon the fact that each communication was considered a distinct tortious act. Thus, if a newspaper printed an article and that newspaper was purchased by ten individuals, each communication of the defamatory article was a tortious act resulting in the injured party having ten causes of action. [*See also*, Restatement, Torts, § 578, comment b (1938)]. To alleviate this problem of multiplicity of causes of actions, the legislature passed Act 1242, the Act of August 21, 1953, P.L. 1242 § 1, 2 and 4, 12 P.S. § 2090.1, 2090.2 and 2090.4, the predecessor of Act 142. This legislation was adopted to "eliminate such successive, oppressive harassment", *Gaetano, supra,* 426 Pa. at 184, 231 A.2d at 756 (1967), *accord, Dominiak v. National Enquirer,* 439 Pa. 222, 266 A.2d 626 (1970), by protecting publishers from a multitude of lawsuits based on one tortious act. If this protection was not afforded publishers, then at a minimum the statute of limitations would be meaningless in that an action could be filed any time a defamatory article was read, no matter the time lag between the actual printing of the article and the reading of the article by a third party.

The Restatement (Second) of Torts states that "any one edition of a book or newspaper, or any one radio, television broadcast, exhibition of a motion picture or similar aggregate communication is a single publication". Restatement (Second) of Torts § 577(A)(3). The comment to this section provides that the single publication rule applies to any one edition of a newspaper. If a newspaper publishes an article

with a national circulation, the newspaper will be responsible only for the original publication because the original publication of the defamatory material is the tortious conduct to be discouraged[3]. Likewise, if the defamatory statement is contained in two separate editions, then two separate causes of action exist (*See* comments to subsection 3), because each time the newspaper circulates the article, the newspaper commits a tortious act. If, however, a copy of one of the editions is subsequently circulated to another state, this transmittal does not result in another publication because this transmittal relates to the original tortious act of publishing a defamatory article. [Restatement (Second) of Torts § 577(a)(3), illustration no. 6]. Thus, it is the original printing of the defamatory material and not the circulation of it which results in a cause of action.

■■■ There also exists a difference between the cause of action and the assessment of damages in a defamation claim. The cause of action is predicated upon the commission of a tortious act. For each tortious act, a party is entitled to be compensated. In a defamation action, damages are assessed based upon the harm an individual experiences to his reputation within the geographic area the defamatory statement is communicated. If one publishes a newspaper with an alleged defamatory article in Montgomery County and circulates that newspaper in Bucks County, then only one tortious act has occurred and only one cause of action exists. However, the injured person would not be restricted only to damages for the harm to his reputation in Montgomery County. If the injured person can prove harm to his reputation in Bucks County as well, he would be entitled to damages for the injuries in both Bucks and Montgomery Counties. Even though there may be a request for damages in two counties, only one cause of action exists.

**3.** This discussion in no way takes into consideration the distinct issue of republication. Although the Appellant alleges republication as an alternative theory, we find no merit in this contention.

■ The "single publication rule" was intended to protect the communication industry from undue harassment and unjust punishment by preventing a party from filing a multitude of lawsuits based on one tortious act, and by restricting the time in which such lawsuits may be commenced. The rule permits full recovery for all damages suffered by the injured party in all communities in which the defamatory statement has been communicated.

■ Applying these principles to this case in its present posture, it is evident that the Appellants have alleged two separate causes of action. The first tortious act occurred when the defamatory article was published in the *Today's Post* in Montgomery County, while the second tortious act occurred when the defamatory article was published in *Today's Spirit*. It is irrelevant that Montgomery Publishing Company publishes both newspapers, for the tortious act is in the separate communications of the alleged defamatory article. The legal relationship of Montgomery Publishing Company to *Today's Post* and *Today's Spirit* is of no importance in determining whether distinct and separate communications have occurred. Accordingly, the trial court erred in granting the demurrer and dismissing the complaint.

■ The complaint is reinstated, and the matter is remanded to the Court of Common Pleas of Bucks County for disposition in accordance with this opinion [4].

**4.** The Appellees also raised in their preliminary objections that the complaint should be dismissed because *Today's Spirit* is not a legal entity and, therefore, not a party as defined under our Rules of Civil Procedure. Since the trial court has not, in the first instance, made a determination of this question of law, it is unnecessary for us to address this issue in this appeal.