**Donald BAILEY, Plaintiff,**

v.

**DELL PUBLISHING COMPANY, INC., Daring Books, Charles J. Patterson and G. Lee Tippin, Defendants.**

**Civ. A. No. 88–1398.**

United States District Court, W.D. Pennsylvania.

April 20, 1992.

**102**

James P. Hollihan, Pittsburgh, Pa., for plaintiff.

Roslyn M. Litman, Thomas Matis, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

LEWIS, District Judge.

■ Presently before this court are motions for summary judgment filed by defendant Dell Publishing Company, Inc. ("Dell") and defendant Daring Books ("Daring"), and a motion to dismiss filed by G. Lee Tippin. For the following reasons, the motions for summary judgment and to dismiss will be granted.[1]

## FACTS

Defendants Charles J. Patterson and G. Lee Tippin wrote a book entitled *The Heroes Who Fell From Grace (Heroes)*. The subtitle of the book is *The True Story of Operation Lazarus, the Attempt to Free American POW's from Laos in 1982*. Patterson personally participated in Operation Lazarus and recounted his experiences to Tippin, a retired U.S. Army Colonel.

The passage of the book at issue in this lawsuit provides:

Gordon Wilson called on the 25th. When Gritz asked about the team members'

pay, Gordon said that over $27,000 had been collected in the fund raising. However, he claimed that there was nothing left because Jack Bailey and retired Congressman Donald Bailey (no relation) had taken off with the money to Geneva, Switzerland.

This passage is the only mention of plaintiff Donald Bailey in the book.

Plaintiff was a Congressman from the beginning of 1979 through the end of 1982, and from January 1985 to January of 1989, he was Auditor General of the Commonwealth of Pennsylvania.

Daring initially published the book in December of 1985 in a limited hard-bound edition. On March 7, 1986, Daring and Dell entered into a Reprint Agreement pursuant to which Dell published a June 1987 paperback edition.

■ Plaintiff filed a praecipe for issuance of a writ of summons on May 13, 1988, in the Court of Common Pleas of Allegheny County. Filing a praecipe for a writ of summons pursuant to Pa.R.Civ.P. 1007 is sufficient to toll the running of the statute of limitations. 2 Goodrich & Amram 2d, *Standard Pennsylvania Practice* § 1007:2. The subsequently filed complaint alleged causes of action for defamation and invasion of privacy against the four named defendants. Plaintiff theorized that an ordinary reading of the passage in *Heroes* would be that he had engaged in criminal embezzlement. Pursuant to 28 U.S.C. § 1441, the action was removed to this court based on the parties' diversity of citizenship.

## DISCUSSION

### A. *Motion to Dismiss*

As a preliminary matter, the court will address defendant Tippin's motion to dismiss for insufficiency of service of process.

---

1. The court has been made aware by counsel for Daring that on April 6, 1992, Daring filed a petition for a Chapter 7 liquidation in the Northern District of Ohio (Canton). The relevant docket number is 92–60820. That filing, and the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, have no applicability to, or impact on, this court's decision to grant summary judgment in favor of Daring because it cannot be construed to be an action or proceeding "against the debtor."

On June 29, 1988, Dell removed the action to this court. At the time of removal, neither Tippin nor Patterson had been served with process in connection with the state action. On August 25, 1988, plaintiff filed, in the court of common pleas, a praecipe to reinstate the complaint in the state action. Then on September 23, 1988, plaintiff filed affidavits in the state action which purport to show that service of the reinstated complaint was made on Tippin and Patterson.

■■■ Exclusive jurisdiction vests in the federal court once a state court action has been removed. *Fischman v. Fischman,* 470 F.Supp. 980, 984 (E.D.Pa.1979). Thus, because the plaintiff's filings in the state court occurred after the removal, the procedure employed by plaintiff was improper.

Apparently, plaintiff recognized this mistake and attempted to correct service of process by issuing a summons and complaint to Tippin on October 12, 1988, and to Patterson on October 18, 1988. Title 28 U.S.C. § 1448 provides:

> In all cases removed from any State court ... in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Under this provision, the remedial procedure employed by plaintiff in October of 1988 was proper.

Tippin, however, points out that he was "served" at 960 Elaine Road, Columbus, Ohio, his sister's address. Affidavit of G. Lee Tippin, ¶ 2. Tippin does not and did not reside with his sister at this address. *Id.* Tippin resides either in the Grand Cayman Islands, British West Indies or the Bahamas. *Id.,* ¶ 1. Apparently, he lives on a boat.

Service of process has not properly been made on Tippin because the address in Ohio was not Tippin's "dwelling house or usual place of abode" under Fed.R.Civ.P. 4(d)(1).

Thus, this action will be dismissed against Tippin.

B. *Motions for Summary Judgment*

Dell and Daring have filed motions for summary judgment, asserting that plaintiff's claims are barred by the statute of limitations, and alternatively, that judgment should be granted in their favor because plaintiff, a public official, has failed to show that they acted with "actual malice" when they published the passage in the book about him.

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When confronted with a motion for summary judgment, it is not the court's function to weigh the evidence and determine the truth of the matter, but rather simply to determine whether there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party has the burden to identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The nonmoving party then must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and admissions on file, designate facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

1. Statute of Limitations

■■■ Pennsylvania has a one year statute of limitations for libel, slander, and invasion of privacy actions. 42 Pa.Cons.

Stat.Ann. § 5523. Further, 42 Pa.Cons. Stat.Ann. § 8341(b) codifies the single publication rule and provides in relevant part:

No person shall have more than one cause of action for damages for libel or slander, or invasion of privacy, or any other tort founded upon any single publication ... such as any one edition of a newspaper, or book, or magazine.... Recovery in any action shall include all damages for any such tort suffered by the plaintiff in all jurisdictions.

The purpose of the single publication rule is to protect publishers from a multitude of lawsuits based on one tortious act. *Graham v. Today's Spirit*, 503 Pa. 52, 468 A.2d 454, 457 (1983). Numerous copies of the paperback edition of *Heroes* were shipped to various bookstores in Pennsylvania on May 6, 1987 via Midlantic, a national shipping and freight company. Dell and Daring surmise that these copies of the book were delivered to the Pennsylvania bookstores no later than May 11, 1987. Affidavit of Valerie Iezzi, ¶¶ 2, 4, 5, Affidavit of Florine Langley, ¶¶ 8, 9. Further, Dell and Daring contend that the various copies were then placed on sale in Pennsylvania bookstores no later than May 12, 1987. Affidavit of Florine Langley, ¶ 9; Affidavit of Steven Riggio, ¶ 4; Affidavit of Candace Lukens, ¶ 3; Affidavit of John Ziccardi, ¶ 12. The defendants conclude that because plaintiff commenced this suit by filing a writ on May 13, 1988, one year and one day after *Heroes* went on sale in bookstores such as B. Dalton in Philadelphia and Waldenbooks in Camp Hill, the action is barred by the statute of limitations.

Plaintiff makes several arguments in support of his position that the action was timely filed. First, he argues that under *Dominiak v. National Enquirer*, 439 Pa. 222, 266 A.2d 626 (1970), he can choose any single act of publication—no matter how remote in time or place from the first publication—as the date from which the statute is to run. Thus, plaintiff's action would not be time barred. This court declines to venture into this uncharted area of the law because plaintiff's second and third arguments are persuasive.

Second, plaintiff asserts that Dell has not produced sufficient evidence establishing that the initial distribution of *Heroes* in Pennsylvania was completed before May 12, 1987.

Dell presents the affidavit of Florine Langley, an employee of Dell, who states that based on her knowledge of "Dell's standard shipping practices and the standard practices of Dell's shippers and the retail bookstore industry concerning the shipping and handling of books received," *Heroes* would have been "available for purchase in Pennsylvania bookstores no later than May 12, 1987." Affidavit of Florine Langley, ¶ 9. The affidavits of Steven Riggio, Candace Lukens, and John Ziccardi also state that *Heroes* would have been available for purchase in bookstores in Pennsylvania no later than May 12, 1987.

Plaintiff, however, presents evidence that raises a genuine issue of material fact. Plaintiff offers a Dell memorandum, dated March 19, 1987, which sets forth the distribution schedule of Dell's June 1987 titles. Appendix dated March 22, 1990, Ex.D. *Heroes* is contained in the document. *Id.* The memorandum shows that the "on sale date" of shipments made by Midlantic, which distributed *Heroes* to Pennsylvania bookstores, is "5/13." *Id.*

This, combined with the facts that none of the affiants in support of the summary judgment motion had personal knowledge of exactly when *Heroes* was placed on sale in any particular Pennsylvania bookstore and that none of the affiants aver that the three separate stages of the shipping and handling process did indeed go smoothly, constitute genuine issues of material fact precluding summary judgment on this issue.

Plaintiff's third argument also presents a fact question. Plaintiff asserts that under the discovery rule, the statute of limitations does not begin to run until he learned of the defamation. Plaintiff argues that he did not learn about the offending passage in *Heroes* until he received a copy of the hardback edition in December of 1987. Therefore, plaintiff concludes that the limi-

tations period did not begin to run until December of 1987.

Under this so-called "discovery rule," the statute of limitations does not begin to run until the plaintiff has discovered his injury, or, in the exercise of reasonable diligence, should have discovered his injury. *Corbett v. Weisband*, 380 Pa.Super. 292, 551 A.2d 1059, 1068 (1988). Although the discovery rule is most frequently applied in personal injury cases, it has also surfaced in a defamation action.

In *Gallucci v. Phillips & Jacobs*, 23 Phila. 219; 1991 Phila.Cty.Rptr. LEXIS 95, p. 4 (November 4, 1991), while considering post-trial motions, the Court of Common Pleas of Philadelphia County held that the issue—"[w]hether the plaintiff, Richard Gallucci, in the exercise of reasonable diligence knew or should have known that the defendant, acting through its employees, made libelous statements about him to the FBI prior to April 18, 1984"—was properly submitted to the jury. The court concluded that the question of whether a plaintiff has exercised due diligence in discovering his injury for purpose of the statute of limitations is normally a jury question. *Id.* at 6, citing *Chittenholm v. Griffin*, 361 Pa. 454, 65 A.2d 371 (1949).

Thus, the issues of when *Heroes* was offered for sale in Pennsylvania bookstores and when, through the exercise of reasonable diligence, plaintiff should have discovered the defamatory statements, constitute questions of fact. Therefore, summary judgment will not be granted on the statute of limitations issue. The substantive issue raised by the motions for summary judgment must be addressed.

## 2. Actual Malice Standard

■ In *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964), the Supreme Court held that a public official may recover for defamation only if the official proves that the alleged defamatory statement was made with "actual malice," that is, with knowledge or reckless disregard of its falsity.

In *St. Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968), Thompson brought suit against St. Amant, claiming that St. Amant had suggested in a speech that Thompson, a deputy sheriff, was involved in illegally secreting union records. The relevant portion of the speech was based on an affidavit of Albin, a member of the Teamsters Union local. The Louisiana Supreme Court held that St. Amant had acted with "actual malice" because he had no personal knowledge of Thompson's activities; he relied solely on Albin's affidavit although the record was silent as to Albin's reputation for veracity; he failed to verify the information with those in the union office who might have known the facts; he gave no consideration of whether the statement defamed Thompson, and had gone ahead heedless of the consequences; and he mistakenly believed that he had no responsibility for the broadcast because he was merely quoting Albin's words.

The Supreme Court reversed, holding that these factors fell short of proving that St. Amant acted in reckless disregard for the accuracy of the statements about Thompson. *Id.*, 390 U.S. at 730, 88 S.Ct. at 1325. The Supreme Court stated that "reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing." *Id.*, 390 U.S. at 730, 88 S.Ct. at 1325. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of the publication. *Id.* at 731, 88 S.Ct. at 1325. "Publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice." *Id.*

The Supreme Court stated that the relevant consideration is whether the publication was made in good faith. *Id.* at 732, 88 S.Ct. at 1326. A court could find bad faith where the allegations are so inherently improbable that only a reckless person would have put them in circulation. *Id.* A court could also find bad faith where the defendant has obvious reasons to doubt the veracity of an informant or the accuracy of

the informant's reports. *Id.* at 732, 88 S.Ct. at 1326.

Donald Bailey does not dispute the fact that he is a public figure. He does, however, assert that defendants acted with "actual malice" because they failed to investigate questionable statements that were inherently improbable and came from unreliable sources.

First, plaintiff asserts that authors Patterson and Tippin were inherently unreliable sources because they were both inexperienced authors. Tippin, however, wrote a book entitled *The Arab,* a novel about the activities of a fictional C.I.A. assassin in the Middle East. *The Arab* was published by Daring in 1985. Further, Daring's president, Dennis W. Bartow, believed that Patterson's personal involvement in Operation Lazarus, tempered by Tippin's objective point of view, would make the book as accurate as possible. *Id.,* pp. 142–143.

Second, plaintiff argues that Dell and Daring should have known that Patterson was basically an unstable and unbalanced individual because Operation Lazarus was a mission in which Patterson and two other individuals followed Bo Gritz, a self-styled "Rambo," into Laos to search for American POWs. Patterson quit his steady job as a California police officer to participate in the mission. This alone, plaintiff argues, should have led Dell and Daring to suspect any statement written by him.

Bartow, however, viewed Patterson as reliable: "[a] somebody you can count on type of person." Bartow Deposition, p. 142. Furthermore, the statement about "retired Congressman Donald Bailey" was actually made by Gordon Wilson. According to the uncontradicted testimony of Bartow, Wilson had a reputation as a credible person. *Id.*

Third, plaintiff asserts that Dell and Daring should have known that Patterson and Tippin were unreliable because prior to the paperback edition, Daring retracted certain statements in the hard cover edition concerning one Scott Barnes, a person unrelated to plaintiff. This argument, however, was rejected in *Miele v. William Morrow & Co.,* 670 F.Supp. 136 (E.D.Pa.),

*aff'd,* 829 F.2d 31 (3d Cir.1987). There the court stated that a known falsehood or reckless indifference as to aspects of a publication which do not concern plaintiff is not sufficient to demonstrate actual malice with regard to the plaintiff. *Id.* at 139.

Therefore, under the facts of this case, there was no "actual malice" on the part of Daring and Dell. The gist of plaintiff's claim is that the authors should have known that the statement was untrue; this argument does not meet the test established in *New York Times v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

Judgment will be entered in favor of Dell, Daring, and Patterson.

An appropriate order will follow.

### ORDER

AND NOW, this 20th day of April, 1992,

IT IS HEREBY ORDERED that the motion to dismiss for insufficient service of process by defendant G. Lee Tippin be and hereby is GRANTED.

IT IS FURTHER ORDERED that the motions for summary judgment filed by defendants Dell Publishing Company, Inc. ("Dell") and Daring Books ("Daring") be and hereby are GRANTED. Judgment be and is hereby entered in favor of Dell, Daring, and defendant Charles J. Patterson and against plaintiff Donald Bailey.