**Smith v. Wambaugh**

*Barbara Scarlata,* for plaintiff.
*George Crompton,* for defendants.

KURTZ, *J.,* November 23, 1993—In this defamation action, defendants have moved for summary judgment, Pa.R.C.P. 1035, and supported their motion with affidavits as provided for by the procedural rule. The facts underlying the motion are as follows:

(1) *Echoes in the Darkness,* by Joseph Wambaugh was printed in hardcover by William Morrow Co. Inc., on January 9, 1987. (Affidavit of Allen A. Marchioni, President of William Morrow Co. Inc.)

(2) The book details the 1979 murder of Susan Reinert and her two children, the investigation of their deaths and the subsequent arrest, trial and conviction of the plaintiff for the crimes.

(3) Hardcover copies of the book were shipped to bookstores across Pennsylvania beginning on January 14, 1987. (Affidavit of Allen A. Marchioni.)

(4) Since books reach the shelves of bookstores for sales purposes within four days from the date of shipment, it is reasonable to assume that the books were available for sale throughout the Commonwealth on January 18, 1987. (Affidavit of Allen A. Marchioni.)

(5) Bantam Books began shipping paperback copies of the book to bookstores across Pennsylvania on September 17, 1987. By September 23, 1987 the paperback version of *Echoes* was available for purchase in the Commonwealth. (Affidavit of Phyllis Mandel, Vice-President-Director of Sales Administration of Bantam Doubleday Dell Publishing Group Inc.)

(6) On the inside cover of the paperback edition, the printing history of the book is set forth and the publication date of the softcover version is recorded as October 1987.

(7) The paperback was listed in first position in the October 11, 1987, *New York Times* Paperback Best Sellers.

(8) Plaintiff submitted his complaint along with a petition to file the same in forma pauperis on October 14, 1988. The petition was granted and the complaint filed on October 27, 1987.

## DISCUSSION

For decision is whether a genuine issue of fact exists on the claim that plaintiff's action is time-barred. The statute of limitation applicable to defamation claims is one year, 42 Pa.C.S. §5523, and decisional interpretation of when the statute begins to run places the starting point for calculation either on the date of original printing (See *Graham v. Today's Spirit*, 503 Pa. 52, 468 A.2d 454 (1983)) or original publication in the Commonwealth (See *Dominiak v. National Enquirer*, 439 Pa. 222, 266 A.2d 626 (1970)). Although it is not as clear to this writer as it was to Judge Louis Bechtle who authored the opinion in *Andres v. Time Inc.*, 690 F. Supp. 362 (E.D.Pa. 1988) that our Supreme

Court used the words interchangeably, it matters not since either date bars this action.

Plaintiff argues that the official publication date found in the book itself should be controlling on the issue of the date when the statute begins to run. The argument has been addressed and rejected by United States Circuit Judge Robert F. Chapman for a panel of the United States Court of Appeals for the Fourth Circuit in his opinion in *Morrissey v. William Morrow & Co.*, 739 F.2d 962, 967 (4th Cir. 1984).

Plaintiff also argues that the affidavits submitted by defendants fail to demonstrate the dates when the paperback was first sold. Thus, in his brief, Dr. Smith pleads that, "We do not know if one single book was sold in the State of Pennsylvania prior to October 14, 1987." (Answer to motion for summary judgment at p. 4.) Given that the book reached the number one position on the *New York Times* Paperback Best Seller list by October 11, 1987, the argument borders on the frivolous. The late Chief Judge John Biggs of the United States Court of Appeals for the Third Circuit rejected this plea in 1947 in an opinion filed in the case of *Hartmann v. Time Inc.*, 166 F.2d 127, 135 (3d Cir. 1947). The argument does more than defy common sense as noted by Judge Biggs, it misses the whole point of the approach taken in these cases and that is to fix a date that can be ascertained with a degree of certainty as the date of publication. That date we believe is clearly the date on which the book was available for sale to the general public in the Commonwealth or September 23, 1987, in this case.

Accordingly, since no genuine issue of material fact exists, an order will be entered granting the motion for summary judgment.

## ORDER

And now, November 23, 1993, for the reasons set forth in a memorandum filed this date, it is the order of this court that defendant's motion for summary judgment be and the same is hereby granted.

## MEMORANDUM

October 11, 1994—This pro se action was filed on October 14, 1988, when the plaintiff was an inmate at the State Correctional Institution at Huntingdon, Pennsylvania. By order dated November 23, 1993, we granted summary judgment in favor of William Morrow Co. Inc., and Bantam Books. This judgment was appealed to the Superior Court of Pennsylvania which affirmed the decision on September 20, 1994. See J. A27029/94, no. 848 Harrisburg, 1993. During the pendency of the appeal and somewhat out of the blue, plaintiff entered judgment by default on May 13, 1994, against Joseph Wambaugh. This occurred despite the fact that the docket entries do not indicate service of the complaint upon Mr. Wambaugh. A petition to strike default judgment was promptly filed by Mr. Wambaugh in which he avers that the default judgment was improperly entered since the record did not reflect compliance with Rule 237.1(a), Pa.R.C.P. The fact of non-compliance has never been denied but the conclusion we should draw has been the subject of debate.

The Superior Court of Pennsylvania has answered the subject matter of this dispute in *Soberdash v. Rogers*, 434 Pa. Super. 380, 643 A.2d 692 (1994). Judge Joseph A. Del Sole for a panel of the court held that in order to support the entry of a default judgment, the record must show compliance with Rule 237.1. No argument can be made in this case to overcome the application of that conclusion to the facts. Accordingly, an order

will be entered granting the relief requested by defendant Wambaugh.

## ORDER

And now, October 11, 1994, it is the order of this court that the petition to strike default judgment be and the same is hereby granted. The prothonotary is directed to strike off the judgment previously entered against Joseph Wambaugh.