J-A10023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WALDRON ELECTRIC HEATING AND COOLING, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RUTH YAHR | |
| Appellee | |
| ELECTRIC USA, INC., | |
| Appellant | |
| v. | |
| RUTH YAHR | |
| Appellee | No. 754 WDA 2015 |

Appeal from the Order Dated April 20, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 11-04004, GD 11-023835

BEFORE:  GANTMAN, P.J., BENDER, P.J.E, AND PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 26, 2016**

Waldron Electric Heating and Cooling, LLC and Electric USA, Inc. (collectively, Waldron) appeal from the order entered April 20, 2015, which granted a motion for summary judgment filed by Ruth Yahr in this defamation action.  We affirm.

In December 2006, Ms. Yahr contracted with Waldron to repair electrical problems in her home.  Waldron charged Ms. Yahr $10,410.00 for

the repairs. Thereafter, Ms. Yahr learned from another electrician that the appropriate cost should have been much less and that Waldron had systematically overcharged her. For example, Waldron charged Ms. Yahr $507.00 for a city work permit, whereas the permit actually cost $44.00. Waldron also charged Ms. Yahr $995.00 for a surge protector, whereas the protector actually cost $5.00.

Ms. Yahr contacted the Pennsylvania Office of Attorney General (OAG) to complain about Waldron. She also composed a written review, detailing her experience. In January 2007, Ms. Yahr emailed her review to friends and to Ripoff Report, a consumer-reporting website. Sometime later in 2007, Ms. Yahr also contacted Angie's List, another website that aggregates consumer reviews. In April 2008, Waldron responded to the OAG by letter, expressly noting that it was aware of Ms. Yahr's complaints and deemed them "slanderous." **See** Motion for Summary Judgment (SoL Motion), 06/18/2013, at Exhibit D.

In March 2011, Waldron commenced this action by filing a complaint asserting defamation and intentional interference with prospective economic relations.[1] Ms. Yahr filed an answer, new matter, and counterclaim asserting abuse of process and seeking damages. In April 2011, Waldron filed an answer to Ms. Yahr's counterclaim.

_____

[1] Electric USA, Inc. filed a similar action in November 2011. The actions were consolidated by court order in July 2012.

In June 2013, Ms. Yahr filed a motion for summary judgment, asserting that Waldron's complaints were time-barred by the applicable, one-year statute of limitations. **See** SoL Motion at ¶¶ 5 and 33.[2] Following oral argument on the motion, the trial court granted summary judgment and dismissed Waldron's complaint with prejudice as time-barred. **See** Trial Court Order (SoL Order), 02/10/2014. Waldron timely appealed. However, this Court quashed the appeal as interlocutory, because no disposition had been entered on Ms. Yahr's counterclaim. **See** Order of Court, 404 WDA 2014, 05/16/2014 (*per curiam*).

In February 2015, Ms. Yahr filed a second motion for summary judgment, this time requesting summary judgment on her counterclaim. Following oral argument, the trial court granted her motion. **See** Trial Court Order (Counterclaim Order), 04/20/2015.

Waldron timely appealed from this order and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Waldron raises the following issues:

1. Whether the [t]rial [c]ourt erred in granting [Ms. Yahr's] [m]otion for [s]ummary [j]udgment when, even taken in a light most favorable to [Waldron], the complained of factual basis and record as a whole, contained a clear and rational legal basis and was not barred by the statute of limitations[; and]

---

[2] In the alternative, Ms. Yahr asserted that her consumer reviews were non-actionable statements of opinion. **Id.** at ¶¶ 5 and 53.

2. Whether the [t]rial [c]ourt erred and abused its discretion when it prohibited [Waldron's] counsel of record to make a full and complete legal argument, and, referencing prior dealings with [Waldron], ended said argument without consideration of [Waldron's] written brief or summarily short oral argument[.]

Waldron's Brief at 5.[3]

The standard and scope of our review is settled.

As has been oft declared by this Court, summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt. On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (internal citations and quotation marks omitted; formatting modified).

In its first issue, Waldron contends that the trial court erred when it determined as a matter of law that Waldron's complaint was time-barred by

_____

[3] Both of Waldron's issues challenge the trial court's SoL Order. Waldron does not challenge the Counterclaim Order.

the applicable, one-year statute of limitations. According to Waldron, there is a "factual basis," when the record is viewed in the appropriate light, to overcome Ms. Yahr's motion for summary judgment. Waldron's Brief at 14. Nevertheless, Waldron fails to develop such factual basis. *Id.* at 14-19.[4] Rather, Waldron suggests that this Court should interpret the statute in a flexible manner and avoid strict, doctrinal approaches. *Id.* (essentially arguing a version of the discovery rule relevant in medical malpractice claims, specifically that the limitations period should not be triggered until a plaintiff determines that an offensive publication, regardless of its initial publication date, has reached a sufficient Internet audience).

Waldron's argument is untenable. In our view, the issue before the Court is simple. The applicable statute of limitations provides that "[a]n action for libel, slander or invasion of privacy" must be commenced within one year of publication. 42 Pa.C.S. § 5523(1); *see Graham v. Today's Spirit*, 468 A.2d 454, 457 (Pa. 1983); *see also In re Phila. Newspapers,*

---

[4] We acknowledge that Waldron now claims that Mr. Thomas Waldron (owner of both corporate appellants) did not learn to what extent Ms. Yahr had published her complaints until sometime in 2011. *See* Waldron's Brief at 7 (citing the deposition testimony of Mr. Waldron). However, the record does not support this assertion. *See* Deposition of Thomas J. Waldron, 07/31/2012, at 73-74 (cited favorably by Waldron, in which Mr. Waldron testifies that he could not recall exactly when he learned that Ms. Yahr had published her complaints on Ripoff Report and Angie's List). Moreover, we caution Waldron that failure to develop properly an argument before this Court risks waiver. *See, e.g.*, *McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 639, 647 (Pa. Super. 2013) (quoting *Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011)); Pa.R.A.P. 2119.

*LLC*, 690 F.3d 161, 174 (3d Cir. 2012) (quoting *Graham*, 468 A.2d at 457) (applying Pennsylvania defamation law in the context of an Internet publication and concluding that "it is the original printing of the defamatory material and not the circulation of it which results in a cause of action.").

Here, Ms. Yahr published her complaints regarding Waldron to friends and in two, public forums at various times in 2007. Moreover, in 2008, Waldron acknowledged in writing that it was aware of Ms. Yahr's complaints. Nevertheless, Waldron failed to commence this litigation until March 2011, well beyond the limitations period. 42 Pa.C.S. § 5523(1). Accordingly, Waldron's complaint is time-barred, and we discern no legal error by the trial court. *Graham*, 468 A.2d at 457.

In its second issue, Waldron contends the trial court abused its discretion when it failed to afford Waldron sufficient opportunity to present its legal argument and further failed to view the facts in a light most favorable to Waldron. *See* Waldron's Brief at 19-23 (citing Pa.R.C.P. 211).

> Rule 211 gives every party or his attorney a *qualified* right to make an oral argument on any motion. The court by local rule may regulate the length of time of such arguments. *In a given case the local court may also dispense with oral argument if it so desires and dispose of the case on the record or upon briefs.*

*Gerace v. Holmes Protection of Phila.*, 516 A.2d 354, 359 (Pa. Super. 1986) (emphasis in original), *appeal denied*, 527 A.2d 541 (Pa. 1987).

We have reviewed the transcript of the argument on Ms. Yahr's SoL Motion, the analysis of the trial court, and the record adduced by the parties.

*See* Argument Transcript, 02/10/2014; Trial Court Opinion, 06/24/2015;

*see also supra* n.4.  We discern no abuse of discretion.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2016