**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 22-2551

———————————

DANIEL LEISTEN,
                                                    Appellant

v.

CBS BROADCASTING INC.;
PITTSBURGH TELEVISION STATION WPCW INC.;
KDKA-TV;
VIACOM INC.

———————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:21-cv-974)
District Judge:  Honorable Christy Criswell Wiegand

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
May 19, 2023

Before: SHWARTZ, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Opinion filed October 19, 2023)

———————

OPINION[*]

———————

---

[*]  This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

MONTGOMERY-REEVES, *Circuit Judge.*

Daniel Leisten appeals the District Court's order dismissing his complaint under Federal Rule of Civil Procedure 12(b)(6) and denying in part his motion to amend as futile. Because the District Court properly concluded that Leisten brought his defamation claim after the statute of limitations expired and dismissed his complaint, we will affirm.

## I. BACKGROUND

Appellant Daniel Leisten sued Appellees Viacom, Inc., CBS Broadcasting, Inc., Pittsburgh Television Station WPCW Inc., and KDKA TV (collectively, the "CBS Parties") for defamation based on news reports that mistakenly named Leisten as a murder suspect.

Leisten is an arborist and "regularly receives business through word of mouth and online searches of his name." J.A. 31. In May 2020, Leisten's brother, Jeffrey Leisten, was arrested as a suspect in a stabbing that took place in McKeesport, Pennsylvania. A Pittsburgh television station, KDKA, owned and operated by the CBS Parties reported the arrest. The local television report falsely named Leisten as the person who had been arrested in connection with the stabbing instead of his brother Jeffrey. The CBS Parties published the local television report on KDKA's website and YouTube account on or by May 19, 2020.

From about July 2020 to July 2021, Leisten noticed that business inquiries slowed down. In March 2021, Leisten googled his name and discovered the misidentification.

On July 22, 2021, Leisten filed his complaint. The CBS Parties moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Leisten's defamation claim

2

was time-barred. The District Court referred the motion to dismiss to the Magistrate Judge, who recommended granting the CBS Parties' motion because Leisten filed his claim more than one year after publication and tolling of the statute of limitations was not proper.

Leisten objected to the Magistrate Judge's report. The District Court overruled the objections and adopted the report. Leisten filed a motion for reconsideration or, in the alternative, leave to file an amended complaint. The District Court granted in part and denied in part Leisten's motion to amend. The District Court denied Leisten's request to add a claim for "Non-public Defamatory Statements" against John Doe defendants who allegedly worked for or with the CBS Parties and defamed Leisten in "various correspondence and/or other documents." J.A. 19 (citation omitted). The District Court held that adding this claim would be futile because it was also time-barred. The District Court, however, granted Leisten's motion on the "narrow issue of any republication [of the defamatory material] after March 2021." J.A. 23.

Leisten did not file an amended complaint, and on May 23, 2022, the District Court closed the case. Two weeks later, Leisten filed a second motion for reconsideration, requesting the District Court reopen the case and seeking permission to file an amended complaint. The District Court granted Leisten's motion. Leisten filed his first amended complaint.

After receiving the first amended complaint, the CBS Parties served Leisten's counsel with a sanctions motion for his purported failure to comply with Federal Rule of Civil Procedure 11(b)(3). In response, Leisten voluntarily dismissed his first amended

3

complaint and "his defamation claim based on alleged republication of defamatory material in conjunction with altered video broadcasts in order to secure a final judgment for purposes of appealing" the District Court's rulings. J.A. 195. On August 11, 2022, the District Court dismissed the case. Leisten timely appealed.

## II. JURISDICTION & STANDARD OF REVIEW

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the District Court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo. *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 151 (3d Cir. 2018) (citing *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)). "[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" *Fleisher*, 679 F.3d at 120 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).

"In this circuit . . . we permit a limitations defense to be raised by a motion under Rule 12(b)(6) only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks omitted) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)). "However, '[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint

4

under Rule 12(b)(6).'" *Id.* (alteration in original) (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

"[W]e review the District Court's denial of leave to amend for abuse of discretion, and review de novo its determination that amendment would be futile." *U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

## III.  DISCUSSION

Leisten challenges two rulings on appeal—the dismissal of his defamation claim and the denial of leave to amend his complaint to assert a claim based on alleged internal communications made by the CBS Parties' employees.  Both challenges fail.

### A.  Leisten's Claims Are Time-Barred

Leisten argues that the District Court erred in holding that his claims are time-barred under 42 Pa., Stat. and Cons. Stat. § 5523(1) because Leisten filed his complaint more than one year after the defamatory report was published.

First, Leisten asserts that the District Court erred by treating the allegedly defamatory reports as mass media subject to the single publication rule.  The single publication rule exists "[t]o avoid the potential for endless re-triggering of the statute of limitations." *In re Phila. Newspapers LLC*, 690 F.3d 161, 174 (3d Cir. 2012) (citations omitted); *see also Restatement (Second) of Torts* § 577A cmt. b (Am. L. Inst. 1977) (explaining that "the 'single publication rule[]' is applied in cases where the same communication is heard at the same time by two or more persons . . . to avoid multiplicity of actions").  Under Pennsylvania law, the single publication rule extends to "any one

5

edition of a book or newspaper, or any one radio, television broadcast, exhibition of a motion picture or similar aggregate communication." *Graham v. Today's Spirit*, 468 A.2d 454, 457 (Pa. 1983) (quoting *Restatement (Second) of Torts* § 577A(3)). And we have predicted "that Pennsylvania courts would extend the single publication rule to publicly accessible material on the Internet based on similar reasoning." *Phila. Newspapers*, 690 F.3d at 174. Leisten pleaded that the allegedly defamatory reports were publicly accessible on the internet; and that he found the reports by googling himself and navigating to the CBS Parties' website. Thus, the allegedly defamatory reports are subject to the single publication rule.

Second, Leisten disagrees with the District Court's conclusion that the statute of limitations began to run on the day the CBS Parties posted the allegedly defamatory reports online. In Pennsylvania it is "the original printing of the defamatory material and not the circulation of it which results in a cause of action." *Id.* (quoting *Graham*, 468 A.2d at 457). Leisten points to *Fox v. Smith*, 263 A.3d 555 (Pa. 2021), to argue that both print by the publisher and receipt by another are necessary for publication under Pennsylvania law. But *Fox* concerned proper venue—where publication occurred—and is inapplicable to decide when publication occurred. *Id.* at 561 ("A cause of action for defamation arises *where* publication of defamatory statements occurs. And publication occurs *where* a third-party recipient understands the statement as being defamatory." (emphases added) (citation omitted)).

Moreover, even if receipt were the relevant date, as Leisten contends, his claim would still be time-barred. Leisten explains that he noticed business inquiries slowing

6

about one year before he filed this lawsuit in July 2021. He attributes the slowdown in his business to the allegedly defamatory reports. That is, Leisten pleaded that those in Florida received the defamatory statements at the same time his business slowed down. Still Leisten did not bring his claim until more than a year after the slowdown of his business.

Third, Leisten argues that the District Court incorrectly relied on the CBS Parties' allegations to find that the CBS Parties published the articles on May 19, 2020. But Exhibit A to Leisten's complaint shows that the news reports naming Leisten were published on May 19, 2020. At the motion-to-dismiss phase, courts may consider "documents that are attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim[.]'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (first quoting *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); and then quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)). Rather than relying on the CBS Parties' allegations, the District Court's finding of the publication date is supported by Leisten's complaint. Leisten does not explain why the District Court should not have relied on his exhibit. Thus, we discern no error in the District Court's finding of the date of publication for adjudicating the CBS Parties' motion to dismiss.

Fourth and finally, Leisten points to *Dominiak v. National Enquirer*, 266 A.2d 626 (Pa. 1970), to argue that the District Court erred in failing to "properly balance the interests of the parties in determining whether [his] claims were time-barred." Appellant's Br. 30. Leisten contends that the District Court should have engaged in a

7

balancing test, considering the interests of the parties, to decide if his claim is time-barred.

But *Dominiak* does not support Leisten's position. In *Dominiak*, the Pennsylvania Supreme Court addressed a scenario where publication of the same article occurred at different times in different places and the effect that would have on the statute of limitations. 266 A.2d at 627–28. In that instance, the Pennsylvania Supreme Court recognized that where publication occurs in one city, one day, another city on another day, and so on, the need for finality must be balanced against alleviating the harm from the defamatory article. *Id.* The Pennsylvania Supreme Court determined that to balance these competing interests, a plaintiff "may choose any publication as the single publication which represents his single cause of action" and "may only recover damages that result from publications occurring within one year . . . of the date he chooses." *Id.* at 629. The Pennsylvania Supreme Court provided an example of how this rule operates when a defamatory article is published in different jurisdictions at different times.

> Assume publications of a defamatory article were made in New York beginning on January 1, in Pennsylvania beginning on February 1, and in New Jersey on March 1 (all in year 1). Assume then the plaintiff brought suit in Pennsylvania on February 15 of Year 2. . . . Under . . . the statute [of limitations], the plaintiff would not be able to recover for any damages suffered in New York as a result of publications there prior to February 15 of Year 1, because the one year period had expired. He would be able to recover for damages suffered as a result of publications in New Jersey because that one year period had not expired. As to damages suffered in Pennsylvania, he would be able to recover for those suffered as a result of publications after February 15 of Year 1 but not those suffered as a result of publications before.

8

*Id.*

The situation that the Pennsylvania Supreme Court encountered in *Dominiak* is different than the one we have here. Leisten does not contend that the allegedly defamatory reports were published in different places at different times. To the contrary, and as occurs with internet publication, publication coincided in all jurisdictions at the same time. *See Nunes v. Cable News Network, Inc.*, 31 F.4th 135, 140 (2d. Cir. 2022) (recognizing that "internet publication occurred simultaneously in multiple states"); *Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (explaining in a copyright infringement case that when a work was published on the internet it was "published simultaneously worldwide"). This is not the situation envisioned by the Pennsylvania Supreme Court in *Dominiak* where a publisher prints the allegedly defamatory statements in different jurisdictions at various times. Thus, *Dominiak* does not support Leisten's argument.[1]

In sum, the reports at issue are mass media subject to the single publication rule and that publication occurred no later than May 19, 2020. Leisten did not file his claim until July 22, 2021. Thus, Leisten's claims are time-barred.[2]

---

[1] Moreover, Leisten's position is contrary to the single publication rule we announced in *In re Philadelphia Newspapers*. Nothing in that decision suggested that Pennsylvania courts would make the application of the single publication rule subject to a balancing test.

[2] Likewise, Leisten cannot toll the statute of limitations based on the discovery rule. Pennsylvania's discovery rule tolls the accrual of the statute of limitations when a plaintiff "is unable, despite the exercise of due diligence, to know of the injury or its cause." *Mest v. Cabot Corp.*, 449 F.3d 502, 510 (3d Cir. 2006) (quoting *Pocono Int'l*

## B. Amendment Would Be Futile

Leisten argues the District Court erred in denying him leave to amend his complaint. A party may amend a pleading with "the court's leave," Fed. R. Civ. P. 15(a)(2), but courts may deny leave when the proposed "amendment would be futile," *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 210 (3d Cir. 2019) (quoting *U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016)). Leisten's proposed amendment to add a claim for "Non-public Defamatory Statements" by the CBS Parties' employees would be futile because such a claim is time-barred. *See* J.A. 19. Leisten argues that he needs discovery to figure out when the internal correspondence by the CBS Parties' employees occurred. Implicit in his proposed amendment, however, is that the internal correspondence happened before the alleged defamatory reports' publication. As explained, the statute of limitations expired no later than May 19, 2021, for the published reports. *See supra* Section III.A. No discovery into internal correspondence would change this. Because any internal correspondence happened before the reports' publication, the statute of limitations

---

*Raceway v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)). Pennsylvania courts have not yet addressed whether the discovery rule applies to publicly available online material, but precedent on the discovery rule would suggest it does not. The Pennsylvania Supreme Court instructed that the discovery rule applies only to cases where the injury is hard to discern. *See e.g. Fine v. Checcio*, 870 A.3d 850, 858 (Pa. 2005); *Wilson v. El-Daief*, 964 A.3d 354, 363 (Pa. 2009). Thus, the discovery rule should not apply to mass media publications like the one at issue here. *Accord Shively v. Bozanich*, 80 P.3d 676, 688–89 (Cal. 2003) (collecting cases that reject the application of the discovery rule to statements made in books, magazines, and newspapers because they are readily discoverable; thus, allowing tolling would "undermine the protection provided by the single publication rule").

expired before May 19, 2021, and before Leisten sued.[3]  Thus, leave to amend would be futile.

### IV.    CONCLUSION

For the reasons discussed above, we will affirm the District Court.

---

[3] Leisten argues that his defamation claim based on the internal correspondence should be tolled under the discovery rule.  Even if his claim based the internal documents somehow tolled the limitations period, there is no question that the statute of limitations began to run once the contents of the communications were thereafter published online because, at that point, the injury was ascertainable. *See e.g. Fine*, 870 A.3d at 858 (standing for the proposition that the discovery rule is tolled for hard to ascertain injuries); *Wilson*, 964 A.3d at 363 (same); *see also Shively*, 80 P.3d at 680 (explaining the discovery rule "no longer [applies] once the original defamatory statement is published in a book that was distributed to the general public" because at that point, the statement is no longer hidden). Therefore, claims based on such correspondence are time-barred.